IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RACHEL SHELTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:20-cv-03258-MDH |
| CITY OF SPRINGFIELD, MISSOURI, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 19). The motion has been fully briefed and is ripe for review. For the reasons set forth herein, the motion is granted.

## BACKGROUND

Plaintiff is a resident of the City of Springfield.[1] Defendants are the City of Springfield, Ken McClure, Mayor of the City of Springfield, and the following council members for the City of Springfield: Jan Fisk, Craig Hosmer, Andrew Lear, Richard Ollis, Abe McGull, Matthew Simpson, and Mike Shilling. On July 13, 2020, after conducting a hearing on the Ordinance and receiving testimony in support of and in opposition to the Ordinance, the council members voted unanimously, with one abstention, in favor of the challenged Ordinance.[2]

Plaintiff's Amended Complaint does not include the Ordinance (Council Bill 2020-159) she challenges. However, Defendants attach the Ordinance to their Motion to Dismiss. (See Doc. 20-1). The Ordinance, General Ordinance 6607, states, in part:

---

[1] For purposes of the Court's analysis the Court summarizes allegations from Plaintiff's Amended Verified Complaint. (Doc. 15).
[2] Councilwoman Phyllis Ferguson abstained.

> WHEREAS, on March 16, 2020, the Mayor determined there reasonably appeared to exist a state of civil emergency which required a response by the City to protect human life, and, therefore declared a local state of civil emergency; and …
>
> Face Coverings in places of Public Accommodation.
>
> (a) Except as otherwise provided in this Article, all persons over the age of 11, including employees or visitors, present in those parts of any Public Accommodation open to the public must wear a Face Covering, including while standing in a line to enter the place of Public Accommodation, subject to the following exceptions:
>
> ….
> (3) Persons with health conditions that prohibit wearing a Face Covering. Nothing in this Article shall require the use of a Face Covering by any person for whom doing so would be contrary to their health or safety because of a medical condition;
>
> (4) Persons who have trouble breathing …

*Id.*

Plaintiff alleges the "death rate is not high enough for a state of emergency" and therefore Defendants improperly passed the ordinance. Doc. 15 ¶ 5. Plaintiff further alleges "there is no evidence … that wearing masks reduces death rates," and "that the death rate … is lower [than] the risk of being struck by lightning in your lifetime." Doc. 15 ¶¶ 9 and 7.[3]

Plaintiff claims she cannot wear the face coverings required by the Ordinance because she suffers from claustrophobia and experiences extreme anxiety when she has to wear the mask; that

---

[3] The Amended Complaint contains numerous argumentative statements and questions that the Court does not consider as they are not properly pled allegations for purposes of the Court's analysis of the motion to dismiss. See e.g. Doc. 15 ¶ 6 ("What is a health department strain? … How many people died of the flu in the City of Springfield or Greene County last year and why wasn't this a city and health department emergency?..."); *Id.* at ¶ 7 ("How many people have died in homicides, suicides, car accidents, overdoses in the City of Springfield and why are we not declaring a state of emergency for these issues?"); and *Id.* at ¶¶ 10-11 ("Also, many Springfield residents are worried about police presence and being fined for an accidental violation. Businesses and individuals should decide whether or not they want to wear a mask."…"This implementation of this Ordinance is a slippery slope and continued government overreach will cause the Missouri and US citizens to give up their freedoms.").

2

Case 6:20-cv-03258-MDH   Document 23   Filed 10/28/20   Page 2 of 9

wearing a mask inhibits Plaintiff's ability to move about freely; that she has been harassed in public and in stores for not wearing the mask; and that she cannot worship freely with the mask on because of difficulty breathing and her anxiety. Doc. 15 ¶ 12. Plaintiff further alleges she falls under a medical exemption of the Ordinance, but that despite her exemption from wearing a mask she is worried she will get fined or reprimanded if she does not comply with the Ordinance despite her exemption. *Id.* at ¶ 13. Plaintiff claims her movements are restricted as well as her liberties, she cannot enjoy life with this government interference, that she has had to suffer embarrassment when confronted by businesses, and has had to disclose her mental health issues in order to conduct her business or move freely in the community. *Id.*[4]

Plaintiff's Amended Complaint seeks the Court to declare the Ordinance a violation of Plaintiff's civil rights under the Missouri and United States Constitution, specifically, a violation of her freedom of religion under the First Amendment and her right to privacy under the Fourth, Ninth, and Fourteenth Amendments of the United States Constitution. Plaintiff also claims the Ordinance is overbroad under the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff's Amended Complaint states her claims are brought pursuant to 42 U.S.C. § 1983.

Count I of Plaintiff's Petition (Declaratory Judgement) alleges the Ordinance violates Plaintiff's civil rights under both the Missouri and U.S. Constitutions. Specifically, Plaintiff alleges it violates her freedom of practicing her religion under the First Amendment and the right

---

[4] Again, Plaintiff's "allegations" set forth in ¶ 16 are not properly pled for this Court's analysis - "The mandatory shutdowns and mask mandates have hurt businesses, employees, families, and citizens. This pandemic is not dangerous enough to justify the extraordinary uses of governmental authority and overreach. Why are these mask mandates necessary for Covid yet we lose several hundred lives in Greene County due to influenza? The healthy general public has minimal risk from serious illness due to this virus yet the Greene County Health Department has willingly destroyed lives and livelihoods through their overreach."

to privacy under the Fourth Amendment to the U.S. Constitution. Plaintiff further claims the ordinance is overbroad under the due process clause of the Fifth and Fourteenth Amendments. Plaintiff states she does not want to be required to wear a face covering during church worship and does not want to be required to wear a face covering in Springfield businesses. She further alleges she suffers from claustrophobia so she cannot wear a face covering. Finally, she alleges she is worried to shop and frequent restaurants in Springfield for fear of harassment by mask-wearing citizens. Plaintiff acknowledges that by the terms of the Ordinance her condition grants her an exemption from wearing the face covering but claims she still fears harassment if she does not wear one. She claims business and churches are reluctant to allow her admission without a mask notwithstanding the health exception.

Count II of Plaintiff's Petition (Temporary and Permanent Injunctions) requests injunctive relief. Plaintiff alleges if the TRO is not granted then Plaintiff will not be able to live her life without excessive government intervention, will have to wear the mask in public and at church against her free will, and will experience high levels of stress due to worrying about potential harassment from not wearing a mask in public. The Court previously denied Plaintiff's request for a TRO. Doc. 12.

Defendants move to dismiss the Amended Complaint arguing Plaintiff lacks standing to challenge the face covering requirement of the Ordinance; has failed to state a claim; and any claims raised by Plaintiff are barred by sovereign and legislative immunity. Doc. 19.

## STANDARD OF REVIEW

**Fed. R. Civ. P. 12(b)(1)**

"Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies." *Steger v. Franco, Inc.,* 228 F.3d 889, 892 (8th Cir. 2000). A plaintiff's

4

standing is a threshold question in every case that affects the court's power to hear the suit. *Id.* "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Id.,* citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury-in-fact exists where the plaintiff has sustained, or is in immediate danger of sustaining, a concrete and particularized harm that is "'actual or imminent, not conjectural or hypothetical.'" *Id.*

"In order to properly dismiss [a case] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal citations omitted). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.* (internal citations omitted).

**Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

5

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

Here, in analyzing the Motion to Dismiss, the Court must construe the allegations in a light most favorable to Plaintiffs.

**1. Plaintiff Lacks Standing To Challenge The Ordinance.**

Plaintiff's Amended Complaint alleges that she falls under the medical exemption of the Ordinance and that she is exempt from wearing a mask based on her health conditions. Plaintiff then alleges, however, that her exemption is not feasible because the "practical effect of the Ordinance places enforcement on business who are worried with getting fined or reprimanded if they do not comply." Doc. 15 ¶ 13. Plaintiff states she cannot go to restaurants or stores because some business will not accept a medical waiver or verbal declaration of an exemption and that she cannot worship freely with a mask on because she has difficulty breathing. *Id.* Finally, Plaintiff claims she suffers embarrassment when she has to disclose her mental health issues in order to conduct her business or move about freely. *Id.*

The Court finds Plaintiff's allegations do not constitute an injury in fact that is concrete and particularized to establish standing. Plaintiff's alleged "fear" of harassment does not establish an injury that Plaintiff has sustained or is in immediate danger of sustaining. Further, Plaintiff's alleged harm is hypothetical as Plaintiff has not alleged an actual injury. In addition, even in Plaintiff's "fears" of harassment do constitute a concrete injury, any such alleged injury is not

6

fairly traceable to the actions of Defendants. Plaintiff alleges that she "fears" harassment from other mask wearing citizens or businesses requiring face coverings, not any actions from Defendants. Further, Plaintiff has not alleged that she has in fact been "injured" by her "concerns." At most, Plaintiff is alleging she may be inconvenienced by others, not Defendants, if she chooses not to wear a mask based on her exemption to the Ordinance. These allegations cannot be traceable to Defendants nor do they constitute an injury in fact that is concrete. The Court finds Plaintiff has failed to plead an injury that is real, immediate, and direct when here she has pled that she is exempt from the Ordinance and that the mask requirement does not apply to her.

Further, Plaintiff's allegations of her "fear of harassment" does not constitute an allegation of a deprivation of a constitutional right as alleged in her § 1983 claims. Plaintiff must still establish standing to bring a claim under § 1983 and she has alleged the Ordinance requiring a mask does not apply to her based on her exemption. See *City of Okla. City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ("It is well established that the Civil Rights Act, 42 U.S.C. § 1983 (1994), cannot confer standing. The statute does not itself create substantive rights, but merely provides remedies for deprivations of rights established elsewhere. Standing must be established on another basis before a section 1983 claim can proceed.") (internal citation and quotation omitted). As such, Plaintiff does not have standing to challenge the Ordinance pursuant to § 1983, or any other basis.

**2. Plaintiff Has Not Pled A Constitutional Violation.**

To begin, as this Court previously stated, the Eighth Circuit has said:

[t]he bottom line is this: when faced with a society-threatening epidemic, a state may implement emergency measures that curtail constitutional rights so long as the measures have at least some "real or substantial relation" to the public health crisis and are not "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." Courts may ask whether the state's emergency measures lack basic exceptions for "extreme cases," and whether the measures are pretextual -

7

> that is, arbitrary or oppressive. At the same time, however, courts may not second-
> guess the wisdom or efficacy of the measures.

*In re Rutledge*, 956 F.3d 1018, 1028 (8th Cir. 2020); citing *In re Abbott*, 954 F.3d 772, 784-85 (5th Cir. 2020) (internal citation omitted).

Under § 1983 Plaintiff must first show she was deprived of a constitutional right secured by the Constitution and laws of the United States and that the Defendants acted under color of state law. *Lind v. Midland Funding, LLC.,* 688 F.3d 402, 405 (8th Cir. 2012). Here, Plaintiff fails to properly plead a claim for a violation of her constitutional rights. Under Missouri law, an ordinance is presumed to be valid and lawful. *Coop. Home Care, Inc. v. City of St. Louis*, 514 S.W.3d 571, 578 (Mo. 2017). "The party challenging the validity of the ordinance carries the burden of proving the municipality exceeded its constitutional or statutory authority." *Id.* (internal citation omitted).

Here, Plaintiff's amended complaint contains numerous hypothetical, rhetorical, and argumentative statements but fails to allege specific facts demonstrating the Ordinance violates Plaintiff's constitutional rights. As previously discussed, Plaintiff is not even required to wear a mask pursuant to the Ordinance's exemptions. Whether third parties—for example businesses, churches or individuals—request or require Plaintiff to wear a mask is not something that can be traced to the Defendants or the Ordinance. In fact, the Court previously noted regardless of the City's Ordinance some national and even local business have instituted their own safety requirements in light of the COVID-19 pandemic that are independent of any local, county, or state ordinances.

Further, even if Plaintiff was required to wear a mask the Court finds Plaintiff has not alleged a constitutional violation. Plaintiff effectively asks the Court to second guess the wisdom

of, and necessity for, policy decisions of the elected officials of the City of Springfield in enacting an ordinance from which she is exempted. The Court declines to do so.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: October 28, 2020

                                          */s/ Douglas Harpool*
                                          DOUGLAS HARPOOL
                                          UNITED STATES DISTRICT JUDGE